DA 08-0273

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 84N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRUCE M. BECKER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Teton, Cause No. 01-DC-017
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robin Meguire; meguirelaw.com; Great Falls, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General; Helena, Montana

Submitted on Briefs:  February 19, 2009

Decided:  March 17, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Bruce M. Becker pled guilty to felony criminal endangerment and felony partner or family member assault on October 22, 2002. The District Court sentenced him to the Montana Department of Corrections for ten years with five years suspended for the criminal endangerment, and two years with all suspended for the assault offense. Some of the conditions of his suspended sentence included supervision by Adult Probation and Parole Bureau, adherence to all of the Probation Bureau's rules and regulations, and a prohibition on the consumption of drugs or alcohol. One of the rules of probation required compliance with all state laws.

¶3    After Becker failed to comply with several of the conditions of his suspended sentence, Becker's probation officer, Officer Bury, held an intervention hearing on October 30, 2007. Rather than pursuing a revocation of his sentence, Bury entered an agreement with Becker requiring "zero tolerance" for any further alcohol use, violations of state law, or failure to report to Bury.

2

¶4     On November 19, 2007, Becker was arrested for assaulting his girlfriend. The arresting officers noted he smelled of alcohol, but Becker refused the officers' request to submit to a breath test. Bury prepared a report of violation and, on December 6, 2007, the State filed a petition to revoke Becker's sentence based on Bury's report. On December 12, 2007, Bury filed a second report indicating Becker had admitted to him and other law enforcement that he had consumed alcohol. At the conclusion of a hearing on January 15, 2008, the District Court found Becker had violated several conditions of his sentence, revoked his suspended sentence, and sentenced him to seven years in the Montana State Prison. Becker appeals.

¶5     Becker claims the District Court violated his right against double jeopardy when it based his revocation on conduct for which he had previously been punished at the intervention hearing. Becker contends that, excluding this prior conduct, the State failed to establish that he violated any conditions of his suspended sentence.

¶6     We review the revocation of a suspended sentence for abuse of discretion. *State v. Baisch*, 1998 MT 12, ¶ 10, 287 Mont. 191, 953 P.2d 1070, *overruled on other grounds*, *State v. Herman*, 2008 MT 187, 343 Mont. 494, 188 P.3d 978). If the State proves by a preponderance of the evidence that the probationer has violated the terms of his suspended sentence, and "the district court is satisfied that the conduct of the probationer has not been what he agreed it would be when he was given liberty, this Court will not overturn a district court's decision to revoke a suspended sentence." *Baisch*, ¶ 10.

¶7     Even if all of Becker's conduct prior to the intervention hearing is excluded from consideration, the State presented sufficient evidence that Bury had violated the conditions of his suspended sentence.  Bury testified that Becker admitted to him and other officers on December 5, 2007, to having consumed alcohol, which was a direct violation of his original sentence, the Probation Bureau's regulations, and the zero tolerance agreement entered less than two months prior.

¶8     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9     Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART